# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY JR. (#354431)**

**VERSUS**

**KENDRIC WILLIAMS, ET AL.**

**CIVIL ACTION**

**NO. 20-599-SDD-RLB**

## ORDER

This matter comes before the Court on the plaintiff's Motion to Compel (R. Doc. 28), and the supplement thereto (R. Doc. 29). The Motion is not opposed.

The plaintiff asserts that the defendants have failed to produce certain documents as ordered by the Court on December 15, 2020[1], and in response to the plaintiff's discovery requests. Specifically, the plaintiff asserts in his supplement (R. Doc. 29) that the following have not been produced: (A) Unusual Occurrence Report authored by defendant Turner; (B) stationary camera footage; (C) any electronic recordings of the plaintiff's disciplinary hearings; (D) Emergency Medical Services triage log; (E) LSP policies for 2019 regarding use of force and body cameras; and (F) Emergency Medical Services Shift Report and Conference Call Form.

### (A) Unusual Occurrence Report authored by Defendant Turner

Defendants have produced two Unusual Occurrence Reports. *See* R. Docs. 27-16 and 27-17. Neither report is authored by defendant Turner. If defendants are unable to produce this document, they should state why it is not available for production.

### (B) Stationary Camera Footage

Defendants have responded to this request[2] twice and have stated each time that no such camera recordings exist. The Court was informed in another matter[3] that such footage is

---

[1] *See* R. Doc 6.
[2] Request for Production No. 2. *See* R. Docs. 27 and 30.
[3] *See Johnson v. Gooden*, Civil Action No. 20-118-JWD-RLB (M.D. La.)

automatically recorded over after 30 days and cannot be recovered. Further, a person only intervenes in the automatic process when a request to preserve footage has been made within 30 days of the date it was recorded. Defendants shall either confirm the foregoing or provide an alternative explanation for why the requested footage cannot be produced.

**(C) Recordings of Disciplinary Hearings**

On July 20, 2021, defendants responded[4] that copies of the plaintiff's disciplinary board hearings were available for the plaintiff's inspection, but a time for the same needed to be scheduled. It is unclear whether the plaintiff has ever had an opportunity to review these recordings. Defendants shall either inform the Court of the date the plaintiff reviewed the recordings, or of a future date for review scheduled within ten days of the date of this Order.

**(D) Emergency Medical Services Triage Log**

This document has been produced by the defendants (*see* R. Doc. 27-11) but the plaintiff states that he would like to challenge the authenticity of this record. The plaintiff has provided no explanation as to why he believes this document is not authentic. As such, the instant Motion will be denied in this regard.

**(E) 2019 LSP Policies Regarding Use of Force and Body Cameras**

In response to this request[5] defendants produced a copy of the LSP No. 09.002 Use of Force dated November 28, 2018, and LSP No. 09.002B Security Body Cameras dated June 30, 2017. The plaintiff seeks to ascertain whether these two policies were the most recent versions in effect in December of 2019. Defendants shall either confirm that these were the versions in effect in December of 2019 or produce the pertinent versions.

---

[4] Response to Request for Production No. 4. *See* R. Doc. 30.
[5] Response to Request for Production No. 9. *See* R. Doc. 27.

**(F) Emergency Medical Services Shift Report and Conference Call Form**

In response to this request[6] defendants have produced Department of Emergency Medical Service Shift Report (R. Doc. 27-8), an Ambulance Run Report (R. Doc. 27-9), and Department of Emergency Medical Service Triage Log (R. Doc. 27-11) for the date in question. The plaintiff asserts that defendants have failed to produce a "call description printout" that should have been attached to the Shift Report and a "Medical Conference Call Form." If defendants are in possession of such documents, they shall produce a copy of the same. If the defendants are unable to produce the same, they shall state the reason why.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Compel (R. Doc. 28) is **GRANTED IN PART** with regards to items (A), (B), (C), (E), and (F) as set forth above.

**IT IS FURTHER ORDERED** that defendants shall, within 7 days of the date of this Order, comply with the Court's instructions herein as to each outstanding item.

**IT IS FURTHER ORDERED** that, in all other regards, the plaintiff's Motion (R. Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that within 45 days from the date of this Order the parties shall file cross-motions for summary judgment.

Signed in Baton Rouge, Louisiana, on November 22, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Response to Request for Production No. 10. *See* R. Doc. 27.