UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY JR. (#354431)**

**VERSUS**

**KENDRIC WILLIAMS, ET AL.**

**CIVIL ACTION**

**NO. 20-599-SDD-RLB**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 20, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIE E. BERRY JR. (#354431)**

**VERSUS**

**KENDRIC WILLIAMS, ET AL.**

CIVIL ACTION

NO. 20-599-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendants Kendric Williams and Damon Turner (R. Doc. 35). The plaintiff has filed an Opposition which includes a sworn statement. *See* R. Doc. 39. In addition, the plaintiff's Complaint (R. Doc. 1) is verified.

The *pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Williams and Turner complaining that his constitutional rights were violated due to the use of excessive force. He seeks monetary and injunctive relief.

Defendants move for summary judgment relying upon the pleadings; a Statement of Uncontested Material Facts; the Affidavit of Kendric Williams, the affidavit of Damon Turner, Disciplinary Reports written by Williams and Turner, a Warden's Unusual Occurrence Report, a Triage Log, and Shift Report all dated December 27, 2019, LSP Directive No. 09.002 – Use of Force, and the plaintiff's medical records. The plaintiff opposes the motion relying on the pleadings, including his Verified Complaint, and a Statement of Disputed Material Facts.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*,

477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Verified Complaint, the plaintiff alleges the following: On September 3, 2017, the plaintiff was involved in a verbal altercation with defendant Williams, and Williams vowed that

he would exact revenge at some point in the future. On December 27, 2019, Capt. Blake Juneau, defendant Lt. Damon Turner, and defendant Lt. Kendric Williams arrived in the plaintiff's housing area. Capt. Juneau questioned the plaintiff regarding three food trays strewn on the floor in front of the plaintiff's cell and plaintiff responded. The plaintiff was ordered, by Capt. Juneau, to come to the cell bars to be restrained. As the plaintiff approached the cell bars to comply, defendant Williams produced a can of chemical agent and administered an approximate four-second burst into the plaintiff's face and onto the plaintiff's body.

Defendant Turner then placed restraints on the plaintiff and the three officers escorted the plaintiff to administrative segregation where the plaintiff was placed into a shower cell. When the plaintiff began to shower, he began to experience pain and discomfort in his chest. Over the course of two hours the plaintiff made medical requests, to each of the three officers, who all replied that they had notified the appropriate medical personnel. Eventually the plaintiff began to experience shortness of breath and lightheadedness. He could no longer stand and laid down on the floor of the shower cell.

After being notified of the plaintiff's physical state by another officer, Turner, Juneau, and Williams arrived at the plaintiff's cell. Defendant Turner began yelling for the plaintiff to stand up and step towards the front of the shower cell to be restrained prior to transfer to a regular cell. Plaintiff feebly responded that he was in need of immediate medical attention due to a sharp pain in his chest rendering him unable to stand. The plaintiff's request for medical care was ignored and defendant Turner then sprayed the plaintiff with a chemical agent as he lay on the floor. Lt. Col. Hayes arrived and dispatched medical personnel. The plaintiff was assessed by medical personnel and turned back over to security.

Neither Williams nor Turner activated their body cameras during either incident as required by policy. Additionally, defendants Williams and Turner issued false disciplinary reports.

First, § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claims asserted against the defendants in their official capacity, for monetary damages, are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

With regards to the plaintiff's claims against the defendants in their individual capacities for monetary damages, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. The plaintiff alleges to have suffered temporary shortness of breath and/or chest pain which required no medical treatment. Such an injury does not equate to a physical injury withing the meaning of

42 U.S.C. § 1997e(e)[1]. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

In that regard, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

---

[1] *See Miller v. Thibideux,* 2008 WL 4999226 (W.D. La. Sept. 30, 2008) noting, "According to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) and the Fifth Circuit Court of Appeals, there can be no recovery under the Eighth Amendment for injuries considered *de minimis. Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997). *De minimus* injuries include those that would not cause a person free from incarceration to seek medical care. *Luong v. Hatt,* 979 F.Supp. 481, 486 (N.D.Tex.1997). A physical injury sufficing to support an Eighth Amendment claim is "an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." *Id."*

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied in part. An issue of material fact requiring a credibility determination exists as to whether the use of force was excessive.

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

The summary judgment evidence submitted by the defendants shows that, on December 17, 2019, defendant Williams was making rounds when he noticed the plaintiff attempting to hide something under a towel. Williams ordered the plaintiff to hand over the object. The plaintiff then placed the object in the toilet and attempted to flush the item. To prevent the destruction of contraband, Williams administered a chemical agent into the plaintiff's cell. The plaintiff was still able to flush the contraband, but subsequently complied with orders to come to the bars and be restrained. The plaintiff was then escorted to Administrative Segregation. Williams notified his supervisor that a chemical agent had been administered and that medical would be needed to evaluate the plaintiff. *See Affidavit of Kendric Williams* (R. Doc. 35-4).

The plaintiff was then placed in the shower cell in Administrative Segregation. When the plaintiff received a cell assignment, defendant Turner ordered the plaintiff to come to the bars to be restrained. The plaintiff refused and Turner administered a minimal amount of chemical agent into the shower cell to bring the plaintiff into compliance. At no time was the plaintiff lying on the floor or complaining of chest pains. *See Affidavit of Damon Turner* (R. Doc. 35-5).

Under penalty of perjury,[2] the plaintiff asserts that he was attempting to comply with the orders of Capt. Juneau when defendant Williams suddenly and without reason administered a chemical agent onto the plaintiff's face and body. After being escorted to a shower cell in Administrative Segregation the plaintiff began to experience chest pain and discomfort which ultimately caused him to lie down on the cell floor while his medical complaints were ignored. The plaintiff informed defendant Tucker that he was unable to comply with his orders to step

---

[2] The plaintiff's Complaint (R. Doc. 1) is verified. The verified Complaint is competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's Complaint contains the required averral and meets the affidavit requirements.

towards the cell bars to be restrained due to his medical state. Ignoring the plaintiff's requests for medical care, defendant Turner sprayed a chemical agent onto the plaintiff as he lay on the cell floor.

Medical was called when Lt. Col Hayes arrived on the scene. The EMT noted that, upon arrival, the plaintiff was found lying on the shower floor with complaints of lower extremity pain and pain in the center of his chest. *See* R. Doc. 27-9.

Defendants assert in their Reply (R. Doc. 40) that the plaintiff did not properly comply with Local Rule 56 because the plaintiff failed to submit an opposing statement of material facts that admits, denies, or qualifies the facts asserted in the defendants' Statement of Material Facts. Therefore, defendants argue that their Statement of Material Facts is deemed admitted and there are no disputed facts. However, the Court may, in its discretion, overlook the plaintiff's failure to comply with the local rule. *See Stanciel v. Gramley*, 267 F.3d 575, 579 (7th Cir. 2001) ("[A] district court's 'decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion.' " (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995))); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Howlink Glob. LLC v. Centris Info. Servs., LLC*, 2015 WL 216773, at *3 (E.D. Tex. Jan. 8, 2015) ("Courts have broad discretion to determine how and when to enforce the local rules, and when to pardon noncompliance."); *Brooks v. Firestone Polymers, LLC*, 2014 WL 12713018, at *2 (E.D. Tex. Apr. 4, 2014) ("Although a court will not tolerate repeated violations of the local rules, the court has discretion to rule on the substantive merits of a case.").

Indeed, "[c]ourts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court." *United States v. Moreno*, 857 F.3d 723, 726 n.1 (5th

Cir. 2017) (quoting *In re Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984)); *accord Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (recognizing that "a district court's discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad"); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) ("[D]istrict courts have considerable latitude in applying their own rules.").

In the instant matter, despite plaintiff's failure to strictly comply with Local Rule 56, the facts at issue are clearly presented in the plaintiff's opposition (R. Doc. 39). Defendants assert that only the minimum amount of force necessary to gain compliance was used in each instance. The plaintiff asserts that no amount of force was necessary under either circumstance, and the force was applied maliciously. As such, the parties have submitted competing allegations. The Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes at this time. As such, the defendants' Motion for Summary Judgment should be denied in this regard.

## **RECOMMENDATION**

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 35), be granted in part, dismissing the plaintiff's claims for monetary damages asserted against defendants in their official capacities and the plaintiff's claims for compensatory damages asserted against the defendants in their individual capacities, with prejudice. It is further recommended that the Motion (R. Doc. 35) be denied in all other regards, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on May 20, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**